CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 15, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BENJAMIN CARTER, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CHRISTOPHER KING, et al., )<br>    Defendants. ) | Civil Action No. 7:23-cv-00425<br><br>By: Michael F. Urbanski<br>Chief United States District Judge |

## ORDER

Benjamin Carter, a Virginia inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against Correctional Officer Christopher King and Nurse Practitioner Leah Holbrook. Carter claims that he has been denied adequate medical treatment for scrotal hydroceles. The case is presently before the court on Carter's motions for preliminary injunctive relief, in which he requests an order directing the defendants to immediately send him to VCU Medical Center for surgery. ECF Nos. 18 and 32. The defendants have filed a joint response in opposition to Carter's motions. ECF No. 37. Having reviewed the record, the court concludes that Carter has failed to make a clear showing that he is entitled to the requested injunctive relief. Therefore, the motions will be denied.

A preliminary injunction is an "extraordinary" remedy that courts should grant "only sparingly and in limited circumstances." Direx Israel, Ltd. v. Breakthrough Med. Corp., 952 F.2d 802, 816 (4th Cir. 1991) (internal quotation mark omitted). To obtain a preliminary injunction, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def.

Council, Inc., 555 U.S. 7, 20 (2008); see also Pashby v. Delia, 709 F.3d 307, 320–21 (4th Cir. 2013) (explaining that each Winter factor must be satisfied to obtain a preliminary injunction). A preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

Carter has not met his burden of establishing that a preliminary injunction is appropriate in this case. In particular, Carter has failed to demonstrate "that he is likely to suffer irreparable harm in the absence of preliminary relief." Id. at 20. The medical records submitted in support of the pending motions indicate that Carter underwent medical imaging tests for complaints of scrotal swelling on at least three occasions in 2023 and that the tests revealed "small scrotal hydroceles."[1] Pl.'s Ex. K, ECF No 18-3 at 1; see also Pl.'s Ex. N, ECF No. 18-3 at 4 ("Small hydroceles are present. Good flow is detected to both testes. No varicocele is evident at this time."). In December 2023, Nurse Practitioner Holcomb referred Carter to Carilion Clinic Urology for a consultative examination. The consulting urologist reported findings of "scrotal edema of unclear etiology" and "minimal hydrocele." Pl.'s Ex. R, ECF No. 18-3 at 11. Notably, the urologist did not indicate that Carter required immediate surgery. Instead, the urologist recommended that Carter use towels to elevate his scrotum at night and that a referral be made to "VCU/MCV Urology for consideration of scrotoplasty."[2]

---

[1] A hydrocele is "a type of swelling in the scrotum," which occurs "when fluid collects in the thin sac that holds the testicles." Mayo Clinic, Hydrocele, https://www.mayoclinic.org/diseases-conditions/hydrocele/symptoms-causes/syc-20363969 (last visited Apr. 2, 2024). "Most hydroceles go away on their own without treatment." Cleveland Clinic, Hydrocele, https://my.clevelandclinic.org/health/diseases/16294-hydrocele (last visited Apr. 2, 2024). If a hydrocele does not resolve on its own, "a healthcare provider may recommend a hydrocelectomy," a surgical procedure performed to remove the hydrocele. Id.

[2] "Scrotoplasty is surgery to treat conditions that affect your scrotum or create a new scrotum." Cleveland Clinic, Scrotoplasty, https://my.clevelandclinic.org/health/procedures/16476-scrotoplasty (last visited Apr. 2, 2024).

Id. (emphasis added). Based on the present record, the court is unable to find that Carter needs to undergo surgery immediately or that "irreparable injury is likely in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis in original); see also id. (explaining that the mere "possibility of irreparable harm" will not suffice).

For these reasons, it is hereby **ORDERED** that Carter's motions for preliminary injunctive relief, ECF Nos. 18 and 32, are **DENIED** without prejudice. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: April 15, 2024

Michael F. Urbanski
Chief U.S. District Judge
2024.04.15 10:38:33
-04'00'

Michael F. Urbanski
Chief United States District Judge